IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| LEE DARRELL CRAYTON | § | |
| v. | § | CIVIL ACTION NO. 5:23cv46-RWS-JBB |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Lee Darrell Crayton, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2241 seeking release from prison. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I. Background**

Petitioner says that he is seeking release on bail until his petition is adjudicated. He appears to be challenging a detainer for a charge of tampering with government documents, for which he says he was acquitted at trial, giving the case number of F030419IK from Dallas County. He argues that the Texarkana Division of the Eastern District of Texas is the proper venue for his claim and attaches an order from the U.S. District Court for the District of Columbia dismissing a habeas petition which he filed. Although Plaintiff discusses the law of habeas corpus at great length, he provides no details about his claims, such as when the alleged detainer was imposed.

Court records show that Petitioner previously filed a habeas corpus application challenging this detainer, in cause no. 3:09cv2427 (N.D. Tex., dismissed with prejudice October 24, 2011, no appeal). Petitioner attaches a copy of a judgment in cause no. F030419IK, dated March 21, 2006, reflecting that the jury found him not guilty. He also attaches a TDCJ time computation sheet, dated August 17, 2009, stating that Petitioner has one detainer.

**II. Discussion**

The Fifth Circuit has stated that the specific limitations on filing habeas petitions under 28 U.S.C. § 2254 which were enacted under 28 U.S.C. § 2244(b), in the Anti-Terrorism and Effective Death Penalty Act of 1996, do not literally apply to habeas petitions under 28 U.S.C. § 2241. However, the version of 28 U.S.C. § 2244(a) which was in effect prior to enactment of the AEDPA bars successive § 2241 petitions which are based on the same claim. Consequently, the Fifth Circuit explains that the present version of § 2244(a), which is very similar to the pre-AEDPA version, applies to § 2241 proceedings. *Ortloff v. Fleming*, 88 F.App'x 715, 716 (5th Cir. 2004).

28 U.S.C. § 2244(a) provides that "no circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." A successive petition under § 2241 is subject to dismissal as an abuse of the writ when the same legal claims are presented again. *Ortiz-Lopez v. Federal Bureau of Prisons Director*, 830 F.App'x 127, 131 (5th Cir. 2020), *citing United States v. Tubwell*, 37 F.3d 175, 178 (5th Cir. 1994) (pre-AEDPA case). A district court's decision to dismiss a second or successive petition as an abuse of the writ lies within the sound discretion of the district court. *Ortiz-Lopez*, 830 F.App'x at 131, *citing James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995).

In this case, Petitioner has filed a second habeas corpus petition challenging a detainer, when his first such petition was dismissed with prejudice by the U.S. District Court for the Northern District of Texas. He furnished documents to the Northern District indicating that he knew about this detainer in 2009, over 14 years ago, and state court records do not indicate that he has exhausted his state remedies by challenging the detainer in the courts of the State of Texas.[1] Upon review of

---

[1] The on-line records of the Texas Court of Criminal Appeals do not reflect that Petitioner has sought relief in state court concerning the alleged detainer. He is required to exhaust his state remedies prior to seeking federal habeas corpus relief. *Hutson v. Scott*, 74 F.3d 1237, 1995 WL 783407 (5th Cir. 1995); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

all relevant factors, the Court has determined in its discretion that the present application for the writ of habeas corpus should be dismissed as an abuse of the writ. 28 U.S.C. § 2244(a).

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of January, 2024.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE