IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **LEE DARRELL CRAYTON** § | |
| Petitioner § | |
| § | |
| v. § | Case No. 5:23-cv-46 |
| § | |
| **DIRECTOR, TDCJ-CID** § | |
| Respondent § | |

## ORDER OF DISMISSAL

Petitioner Lee Darrell Crayton, proceeding *pro se*, filed the above-styled and numbered petition for the writ of habeas corpus under 28 U.S.C. § 2241 seeking release from prison. Docket No. 1. The petition appears to be challenging a detainer for a charge of tampering with government documents, for which he says that he went to trial and was acquitted. *Id.* The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

The Magistrate Judge determined that Petitioner had previously filed an application for the writ of habeas corpus challenging this detainer in the U.S. District Court for the Northern District of Texas. *Crayton v. Adams, et al.*, Civil Action No. 3:09-cv-2427 (N.D. Tex. Oct. 24, 2011), ECF No. 11 (dismissing petition with prejudice). The Magistrate Judge observed that successive petitions under 28 U.S.C. § 2241 are subject to dismissal as an abuse of the writ when the same legal claims are presented again, citing *Ortiz-Lopez v. Federal Bureau of Prisons Director*, 830 F.App'x 127, 131 (5th Cir. 2020). Because Petitioner has previously sought habeas corpus relief concerning this detainer, the Magistrate Judge recommended that the petition be dismissed as an abuse of the writ.

Petitioner's objections to the Report do not refer to the Magistrate Judge's conclusion that the petition is successive and thus represents an abuse of the writ. Docket No. 6. Instead, he asserts

that he is actually innocent as proven by DNA testing, a claim which appears to refer to Petitioner's Dallas County conviction for aggravated sexual assault, which conviction is not at issue in the present case.[1]

Petitioner also seeks compensation for wrongful imprisonment, a claim which he cannot bring in federal court but which must be pursued by filing a claim with the Comptroller of the State of Texas once Petitioner can show that his conviction has been set aside on the ground of innocence. *See* Texas Civil Practice & Remedies Code art. 103.001, 103.051 (Vernon 2011). Because Petitioner does not refer to, much less controvert, the Report of the Magistrate Judge, his objections to this Report are without merit. *See e.g.*, *Curtis Lee Sheppard, v. Major Lucas et al.*, No. 6:21-CV-00380, 2021 WL 5263203, at *1 (E.D. Tex. Nov. 9, 2021) (finding objections that do not address the substance of the magistrate judge's report are without merit); *see also Pryor v. Dir., TDCJ-CID*, No. 6:19-CV-578-JDK-KNM, 2020 WL 1703345, at *1 (E.D. Tex. Apr. 8, 2020) (finding objections without merit when petitioner failed to address the report's conclusion about lack of jurisdiction).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

---

[1] In any event, Petitioner has previously sought habeas corpus relief concerning this conviction as well. *See Crayton v. Director, TDCJ-CID*, Civil Action No. 3:23-cv-2265, 2023 WL 7309519 (N.D. Tex., Oct. 17, 2023), *report and recommendation adopted*, 2023 WL 7311190 (N.D. Tex., Nov. 6, 2023) (recounting petitioner's history of seeking habeas corpus relief).

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** as an abuse of the writ.

**So ORDERED and SIGNED this 13th day of March, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE